UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | |
|---|---|
| Katarina Sebetic,<br>      Plaintiff,<br><br>v.<br><br>Novant Health, Inc. d/b/a Hilton Head Medical Center,<br>      Defendant. | CASE NO.: 9:25-cv-13743-BHH-MGB<br><br><br>**COMPLAINT**<br>**(Jury Trial Requested)** |

The Plaintiff complaining of the Defendant would show unto this Honorable Court as follows:

### **JURISDICTION AND PARTIES**

1. This suit is brought, and jurisdiction lies pursuant to the Civil Rights Act of 1964 (Title VII), 42 U.S.C. §2000e *et seq.* and for sexual harassment and Title VII of the Civil Rights Act of 1964.

2. All conditions precedent to jurisdiction under §706 of Title VII, 42 U.S.C. §2000e-5, have occurred or been complied with.

   a. A charge of employment discrimination on basis of sexual harassment was filed by the Plaintiff with Equal Employment Opportunity Commission ("EEOC").

   b. Notification of the Right to Sue was received from the EEOC on or about September 17, 2025.

   c. This Complaint has been filed within the 90 days of receipt of the EEOC's Notice of the Right to Sue.

3. Plaintiff, Katarina Sebetic, is a citizen and resident of the State of South Carolina, and resides in Beaufort County, South Carolina.

4. All discriminatory employment practices alleged herein were committed within the County of Beaufort, State of South Carolina.

5. The Defendant, Novant Health, Inc. d/b/a Hilton Head Medical Center, is upon information and belief, a foreign corporation organized in the State of North Carolina and operating under the laws of the State of South Carolina.

6. Defendant is a "person" within the meaning of §701 Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

7. Defendant is an industry that affects commerce within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

8. Defendant employs fifteen (15) or more employees and is an "employer" within the meaning of the Civil Rights Act of 1964, 42 U.S.C. §2000e.

9. The parties, matters and all things hereinafter alleged are within the jurisdiction of the Court.

## STATEMENT OF FACTS

10. On or about September 21, 2021, Plaintiff began working for Defendant as a Unit Secretary. At all times, Plaintiff was effective and efficient in her employment.

11. During Plaintiff's employment, Plaintiff was subjected to inappropriate sexual advances, comments and gestures by one of Defendant's doctors, Dr. Donald Schreiber.

12. Dr. Schreiber would constantly request to have a sexual relationship with Plaintiff and directed vulgar, sexual innuendos towards Plaintiff. Plaintiff would repeatedly turn down Dr. Schreiber and request him to stop.

13. Dr. Schreiber would make comments about wanting to see the Plaintiff's IUD, and talked about how she felt about kissing at work. The Plaintiff would repeatedly ask him to stop.

14. Dr. Schreiber would even attempt to give the Plaintiff massages, and she would tell him to stop because she didn't like to be touched.

15. The Plaintiff reported the sexual harassment by Dr. Schrieber to Human Resources, but nothing was done.

16. After the complaints, Plaintiff was forced to continue to work with Dr. Schrieber wherein the harassment and inappropriate behavior continued, thereby creating a hostile work environment.
,
17. On or about November 18, 2024, Plaintiff was terminated, due to her reports of sexual harassment.

18. It was the duty of Defendant, by and through its agents, servants and/or employees, to prevent such acts and behavior from occurring and to stop it once the behavior had been reported by the Plaintiff.

19. Despite her reporting the behavior, Defendant did not take appropriate action to resolve the problems and disciplined the Plaintiff for Dr. Schrieber; inappropriate behavior towards her.

20. That the unjust disciplinary actions and termination of Plaintiff with Defendant was the response by Defendant, its agents and servants, to Plaintiff's reports and complaints of lewd and inappropriate behavior of Dr. Schriever including sexual harassment.

21. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory dismissal and was, in fact, retaliatory in nature, created a hostile work environment and was in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.).

22. As a direct and proximate result of the acts and practices of Defendant in retaliating against Plaintiff, creating a hostile work environment and in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A FIRST CAUSE OF ACTION
### Sexual Harassment - Title VII of the Civil Rights Act of 1964

23. The Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

24. Defendant as Plaintiff and Dr. Schreiber's employer, were wanton, and intentional in the harassment of the Plaintiff in the following particulars, to wit:

   a. In visual, physical, and verbal contact by sexual advances and gestures that were initiated, maintained, and repeated after being informed by the Plaintiff that the contact was unwanted;

   b. In continually allowing Dr. Schreiber to maintain his presence near the Plaintiff while at work in an uncomfortable and inappropriate manner.

   c. In refusing to remove the Plaintiff from the hostile work environment and sexual harassment.

25. That by reason of the aforesaid recklessness, willfulness and wantonness of Defendant, Plaintiff has suffered injuries, both physically and mentally.

26. As a direct and proximate result of the acts and practices of Defendant in the wrongful termination of Plaintiff from employment, the Plaintiff has suffered and continues to suffer from mental anguish, humiliation, loss of enjoyment of life, damage to Plaintiff's reputation and other past and future losses.

## FOR A SECOND CAUSE OF ACTION
### Retaliation

27. The Plaintiff repeats and reiterates the foregoing allegations as if repeated verbatim herein.

28. As alleged above, Plaintiff satisfactorily performed her essential and fundamental job functions and was an exemplary employee in all respects. Upon reporting the detrimental treatment and discrimination based on reporting the sexual harassment, Plaintiff was terminated from her position in retaliation for asserting her rights under Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

29. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliatory discharge and was, in fact, retaliatory in nature and in violation of Title VII of Civil Rights Act of 1964, as amended (42 U.S.C. §2000e *et seq*.), the South Carolina Human Affairs Law and the Equal Employment Opportunity Act.

30. Plaintiff is entitled to injunctive relief and/or civil damages from Defendant as a result of Defendant's retaliation as alleged above.

31. That the aforesaid conduct of Defendant, its agents and servants, violates South Carolina and United States laws against retaliation and was, in fact, retaliatory in nature.

32. Due to the acts of Defendant, its agents and employees, Plaintiff is entitled to injunctive relief and/or civil damages, back wages, plus interest, payment for lost benefits, and reinstatement of benefits and front pay.

## REQUEST FOR RELIEF

33. Plaintiff reiterates and realleges each and every allegation as if fully set forth herein.

34. Due to the acts of the Defendant, Plaintiff suffered great emotional and mental distress, terror, fright, revulsion, disgust, humiliation, embarrassment, shock and indignities, lost wages, loss of front pay, back pay and other work benefits.

35. That by reason of such wrongful acts of the Defendant, the Plaintiff has been damaged in such an amount to be determined by the trier of fact.

WHEREFORE, Plaintiff prays for the following relief:

1. Judgment in favor of the Plaintiff and against Defendant for all causes of actions in an amount which is fair, just and reasonable, and for compensatory damages;

2. Prejudgment interest, costs and attorney fees as may be allowed by law;

3. Judgment in favor of the Plaintiff and against Defendant with back pay and associated benefits she would have earned with all lost or diminished benefits such date to be determined by the trier of fact;

4. Judgment in favor of the Plaintiff and against Defendant for front pay and any other work benefits she lost in an amount to be determined by the trier of fact;

5.  Judgment in favor of the Plaintiff and against Defendant for embarrassment and humiliation, and emotional distress in an amount to be determined by the trier of fact; and

6.  Judgment against Defendant in such an amount of actual damages, punitive damages, attorney fees, costs of this action and any other relief this Honorable Court deems allowable under law, and just and proper.

**WIGGER LAW FIRM, INC.**

s/*Charles W. Neely*
Charles W. Neely (Fed. I.D. #12913)
Attorney for the Plaintiff
8086 Rivers Avenue, Suite A
North Charleston, SC  29406
(843) 553-9800

North Charleston, South Carolina
December 5, 2025